UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X
JAMES E. MUGAN,                                    Civ. Act. No.: 09-CV-6711 (NRB) (FM)

                Plaintiff,

    -against-                                         **DEFENDANT'S COUNTER
                                                    STATEMENT TO RULE 56.1**
HARTFORD LIFE GROUP INSURANCE          **STATEMENT**
COMPANY,
                                                    DOCUMENT
                Defendant.              ELECTRONICALLY FILED
----------------------------------------------------------X

       Pursuant to Rule 56.1 of the Local Civil Rules For The Southern And Eastern Districts of New York, Defendant Hartford Life Group Insurance Company ("Hartford"), by and through its attorneys, Sedgwick, Detert, Moran & Arnold LLP, submit this Counter Statement to Plaintiff's Rule 56.1 Statement dated June 25, 2010, Doc. No. 14, as follows:

## PRELIMINARY STATEMENT

       Hartford states that it has filed its Rule 56.1 Statement of Material Facts dated July 23, 2010, in support of its own motion for summary judgment. Rather than restating those statements herein, Hartford respectfully refers this Court to Defendant's Rule 56.1 Statement for supplemental facts asserted in opposition to Plaintiff's motion.

## PRELIMINARY OBJECTIONS

    1.    Hartford objects to each and every Statement to the extent that Plaintiff has failed to include citations to record evidence that would be admissible as set forth in Rule 56(e), FED. R. CIV. PROC.

    2.    Hartford objects to each and every Statement that references evidence that was not identified in Plaintiff's Rule 26(a) Disclosure, or otherwise, produced in discovery.

    3.    Hartford objects to each and every Statement to the extent that it references hearsay evidence not attached to a sworn declaration or affidavit made on personal knowledge.

4.      Hartford objects to each and every Statement to the extent it relies on information or evidence outside the administrative record to prove Plaintiff's alleged entitlement to benefits.

5.      Hartford objects to each and every Statement to the extent that it treats issues of law as issues of fact.

6.      Hartford objects to each and every Statement to the extent that it references "facts" that are not material to the pending motion for summary judgment.

7.      Hartford objects to each and every Statement to the extent it is not a short and concise statement.

**RESPONSES**

*A. Relevant Facts Concerning Mugan's Employment, Position And Disability.*

1.      Denies, except admit that Plaintiff James E. Mugan ("Mugan") was employed as a stock broker by Cantor Fitzgerald from December 14, 2001 through August 15, 2008 but stopped working on March 6, 2006. (086).[1]

2.      Admits.

3.      Admits.

4.      Denies, except admits that Mugan suffered cardiac arrest on January 27, 2005. (615-16).

5.      Denies, except admits that as a result of his heart attack and coronary artery bypass grafting on January 27, 2005 and the subsequent treatment, Mugan was out of work until about September 2005. (122).

---

[1] The numbers in parentheses refer to the Bates Stamped pages starting with the prefix "MUGAN 000__," which are annexed to the Declaration of Scott Riemer dated June 25, 2010 as Exhibit "A." The documents were also reviewed by Juan Mendez, the Hartford Appeals Specialist who rendered Hartford's determination of Mugan's administrative appeal, and who has declared that the referenced documents, Bates stamped MUGAN 000001 through MUGAN 000632, are true and correct copies of the applicable group policy and the claim file for Mugan's claim for long term disability ("LTD") benefits, which comprise the administrative record for this claim.

6. Denies, except admits that during a call between Mugan and Natasha Baptist, an Ability Analyst at Hartford, on July 26, 2006, he stated to Ms. Baptist that "in January 2006 Dr. Friedman advised him to stop working, but he continued to work until March 2006." (125).

7. Admits.

8. Denies, except admits that Mugan claimed to be disabled from his occupation due to complaints of unstable angina, syncope, fatigue and dizziness related to his coronary condition, which included coronary artery disease, cardiac arrest in January 2005, coronary artery bypass grafting on January 27, 2005 and automatic internal cardiac defibrillator implantation on February 4, 2005. (040, 538-39, 613, 615).

9. Admits.

10. Objects on the grounds that this Statement fails to cite to any admissible evidence and is incomplete. To the extent any response is required, Hartford denies the Statement.

11. Denies, except admits that Mugan advised Hartford that he is vulnerable to stress. (088, 122-23, 126, 346, 349, 254-56, 360).

12. Denies, except admits that Mugan properly quoted Dr. Friedman's note in the March 5, 2007 office visit notes. (351).

13. Denies, except admits that Dr. Friedman's Attending Physician Statement ("APS") dated May 26, 2006 noted the following restrictions for Mugan: standing for 1-2 hours per day, 1 hour of walking and lifting, pulling and pushing of 10 lbs. (615).

14. Denies, except admits that Dr. Friedman's APS dated April 25, 2006 noted that Mugan should avoid any activities involving "any type of exertion." (622).

15. Denies. (359, 555, 612, 616, 622).

16. Denies. (74-75, 214, 128-33).

    B. *Relevant Facts Concerning Mugan's Application For Disability Benefits Under The Policy*

17. Admits.

18. Admits.

19. Admits.

20. Admits.

21. Admits.

22. Denies, except admits that on March 7, 2008, Hartford began to review whether Mugan would meet the Plan's definition of disability after the test change from "your occupation" to "any occupation" beginning on September 2, 2008. (101).

23. Denies, except admits that the Policy requires Mugan to demonstrate "that *Injury* or *Sickness* causes physical or mental impairment to such a degree of severity that *You* are: 1) continuously unable to engage in any occupation for which *You* are or become qualified by education, training or experience; and 2) not *Gainfully Employed*." (014) (italics in original).

24. Denies, except admits that by letter dated June 13, 2008 Hartford advised Mugan that it had denied his claim for continuing LTD benefits effective September 2, 2008 and that "[i]f your medical condition materially changes at any time prior to 09/02/2008 such that it prevents you from performing all of the occupations we identified above, we ask that you contact us immediately with the names, addresses and fax and telephone numbers of all treating physicians who have examined you and will confirm your current capabilities." (450).

25. Denies, except admits that Beverly Gilchrist, a Hartford Ability Analyst, reviewed the Employability Analysis Report (the "EAR") dated June 9, 2008 prepared Lisa Hufford, a Hartford Rehabilitation Case Manager. (089-90, 447-51).

26. Denies, except admits that the EAR noted that "[w]hile employed Mr. Mugan has shown the ability to influence people, perform a variety of duties, perform under stress, supervise others, serve and take instructions and help." (455).

4

27.Denies, except admits that Hufford did not contact Mugan or his treating physicians in connection with her preparation of the EAR. (454-81).

28.Denies. (115).

29.Objects on the grounds that this Statement fails to cite to any admissible evidence. To the extent any response is required, Hartford denies the Statement. (563-64).

30.Denies, except admits that Hartford sent the letter dated June 13, 2008 advising that LTD benefits would terminate effective September 2, 2008 absent a material change in Mugan's condition. (447-51).

C.*Relevant Facts Concerning Mugan's Appeal.*

31.Admits.

32.Denies, except admits that the cited pages refer to the Neurological Report of Shane S. Bush, Ph.D., dated September 24, 2008. (362-69).

33.Denies that the Neurological Report documented and objectively measured Mugan's multiple cognitive impairments. (362-69).

34.Denies, except admits that Neurological Report discusses some impairment in "processing speed." (212).

35.Admits.

36.Admits.

37.Admits.

38.Denies, except admits that Juan Mendez, a Hartford Appeal Specialist completed a medical record review referral form for a comprehensive review from both a cardiological and cognitive standpoint, which form was submitted to MES. (248-49).

39.Admits.

40. Denies, except admits that Mugan properly quoted the sentence from the report of Mark H. Eaton, M.D. (214).

41. Denies. (213).

42. Denies, except admits that according to Hartford's records, in 2009 Dr. Eaton performed a total of 35 medical record reviews on cases referred by MES on Hartford's behalf and that MES charged Hartford $29,453.00 for Dr. Eaton's services. (Riemer Dec., Ex. "B," p. 10).

43. Denies, except admits that according to Hartford's records, in 2009 Dr. Mosbach performed a total of 37 psychological record reviews on cases referred by MES on Hartford's behalf and MES charged Hartford $22,523.00 for Dr. Mosbach's services. (Riemer Dec., Ex. "B," p. 10).

44. Denies, except admits that according to Hartford's records, in 2009 MES referred 1,496 record peer reviews to various doctors on Hartford's behalf (not 2,496 as claimed in the corresponding Statement) and that MES billed Hartford a total of $1,499,553.00. (Riemer Dec., Ex. "B," p. 11).

45. Denies, except admits that on April 14, 2009, Mr. Mendez decided to uphold the initial decision to deny Mugan's claim for continuing LTD benefits effective September 2, 2008 and that Mr. Mendez reviewed the peer review reports in connection with his decision. (74-75).

46. Denies. (128-33).

Dated: New York, New York
July 23, 2010

Respectfully Submitted,

s/ _____
MICHAEL H. BERNSTEIN (MB 0579)
JOHN T. SEYBERT (JS 5014)
SEDGWICK, DETERT, MORAN & ARNOLD LLP
125 Broad Street, 39th Floor
New York, New York 10004-2400
Telephone: (212) 422-0202
Facsimile: (212) 422-0925
(SDMA File No. 02489-000025)
**Attorneys for Defendant**
HARTFORD LIFE GROUP INSURANCE
COMPANY

To:  Scott M. Riemer, Esq.
RIEMER & ASSOCIATES LLC
60 East 42nd Street, Suite 1750
New York, New York 10165
Telephone: (212) 297-0700
*Attorneys for Plaintiff*

7

**CERTIFICATE OF SERVICE**

I, JOHN T. SEYBERT, hereby certify and affirm that a true and correct copy of the attached **DEFENDANT'S COUNTER STATEMENT TO RULE 56.1 STATEMENT** was served **via ECF** on July 23, 2010, upon the following:

Scott M. Riemer, Esq.
RIEMER & ASSOCIATES LLC
60 East 42nd Street, Suite 1750
New York, New York 10165
Tel.: (212) 297-0700

Dated: New York, New York
July 23, 2010

s/
JOHN T. SEYBERT (JS 5014)