UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X

JAMES E. MUGAN,                                           Civil Action No.: 09-CV-6711 (NRB) (FM)

               Plaintiff,

                    -against-                   **DECLARATION OF**
                                        **BRUCE LUDDY**

HARTFORD LIFE GROUP INSURANCE             DOCUMENT
COMPANY,                                                  ELECTRONICALLY FILED

               Defendant.
-------------------------------------------------------X

      BRUCE LUDDY, pursuant to 28 U.S.C. §1746(2) declares under penalty of perjury the

following:

      1.     I am the Director of Litigation and Appeals for Hartford Life Insurance Company

("Hartford") and have been in this position since 2005. As part of my duties in this position, I am

responsible for supervising the claims staff who decides appeals of denied disability benefit claims.

Prior to that time, I was the Assistant Director of Litigation and Appeals since 1998. I am fully

familiar with the policies and procedures Hartford employed from 2008 through 2009 when James

E. Mugan's ("Mugan") claim was being evaluated on administrative appeal. As such I am fully

familiar with the facts and circumstances contained herein. I submit this Declaration in support of

Hartford's Motion for Summary Judgment.

      2.     During Hartford's review of Mugan's claim for continuing long-term disability

("LTD") benefits under the LTD Plan sponsored by Cantor Fitzgerald and eSpeed and issued by

Hartford, identified by policy number 83127140, the denial of the claim for continuing LTD

benefits was recommended by an Ability Analyst and approved by a Team Leader, both of whom

are or were members of the claims department, and the administrative appeal was decided by an

Appeals Specialist who is, or was, a member of the appeal unit.

3.      In evaluating claims under employee benefit plans insured by Hartford, it is Hartford's practice and intention to review such claims fairly, without regard to the manner in which the plan is funded, and to consistently award benefits on claims that are entitled to payment pursuant to the provisions of the applicable benefit plan while consistently denying claims that are not entitled to such payments.

4.      Hartford recognizes that awarding benefits on claims that are not entitled to such payments pursuant to the terms of the applicable plan does not benefit all of the persons insured under that plan as a group.  Instead, such payments could result in increased premiums and/or a reduction or elimination of benefits by the employer, which will ultimately work to the detriment of all participants and beneficiaries of a given plan.

5.      Hartford does not provide its Ability Analysts, Team Leaders, and the Appeals Specialists with any incentives, remuneration, bonuses, awards, achievements, or other recognition based in whole or in part upon the denial or termination of claims.  Hartford's claims decision-makers are paid fixed salaries and performance bonuses that are wholly unrelated to the number of claims paid or claims denied.

6.      Hartford's Ability Analysts, Team Leaders and the Appeals Specialists are evaluated on the quality and accuracy of their claims decisions in accordance with the applicable plan documents.

7.      Hartford does not discourage its claim decisions-makers from paying legitimate claims.

8.      Hartford maintains a separate appeal unit for the consideration of claims that have been denied by the claims department.

9.     Each Appeals Specialist in Hartford's appeal unit is charged with making an independent assessment of the adverse claim decision based on the relevant provisions in the governing LTD Plan and upon all of the evidence contained in the claim file.

10.     During the Appeals Specialist's review of a denied claim on administrative appeal, the individual responsible for the appeal does not discuss the merits of the claim with the Ability Analyst who made the initial benefits determination, or his or her Team Leader.

11.     Hartford's Ability Analysts, Team Leaders and Appeals Specialists are not involved in Hartford's financial decisions, including, but not limited to, any review or analysis of Hartford's financial performance, or the financial performance or claims experience of any particular long term disability plan insured by Hartford.

12.     Hartford's claims department and appeal unit are completely separate business units from the financial and underwriting departments.

13.     Neither the claims department nor the appeal unit seeks approval from Hartford's financial underwriters in connection with their decision-making on claims for disability benefits.

14.     Hartford's financial and underwriting departments to not advise or influence the claims department or appeal unit with respect to whether or not to pay a claim.  Indeed, these units are kept completely separate from each other.

15.     The office of the Chief Financial Officer of Hartford, and its affiliate, subsidiary or parent companies, do not have any involvement and do not participate in claims decisions on disability benefits at any level.

I declare under penalty of perjury that the foregoing is
true and correct.

Dated:  July 20, 2010

BRUCE LUDDY

## CERTIFICATE OF SERVICE

I, JOHN T. SEYBERT, hereby certify and affirm that a true and correct copy of the attached **DECLARATION OF BRUCE LUDDY** was served via ECF on this 23rd day of July 2010, upon the following:

Scott M. Riemer Esq.
RIEMER & ASSOCIATES
60 East 42nd Street, Suite 1750
New York NY 10165
Business Phone:  (212) 297-0700
Business E-mail:  sriemer@riemerlawfirm.com

JOHN T. SEYBERT (JS 5014)

Dated:     New York, New York
           July 23, 2010